LUCY B. KEYES AND JAMES E. KEYES, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. JESSE KIMMEL, DEFENDANT-APPELLANT.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs-respondents, *Spindel & Berr*.

For the defendant-appellant, *Kimmel & Kimmel*.

PER CURIAM.

Defendant appeals from a judgment of $250 rendered against him in the Second District Court of Paterson. On an exchange of properties between the parties an agreement in writing was made by and between the defendant as party of the first part and the plaintiffs as party of the second part, wherein it was provided, with respect to a first mortgage of $12,000 then on the premises conveyed out by the defendant, as follows:

"It is agreed, however, that in the event that said first mortgage aforementioned is called in and the full amount of the principal demanded by the mortgagees at any time prior to the expiration of three years from the date hereof, then and in such event the party of the first part does hereby agree to secure and place a new first mortgage on the premises, not less than $12,000, to take place of the first mortgage aforementioned and agrees to pay all expenses for acquiring the same and in connection therewith. It being, however, understood that in the event such substitution of first mortgage shall become necessary, that the party of the second part shall and will upon said substitution taking place, pay over to the party of the first part the sum of $150 in cash and nothing more."

Subsequently the holder of the mortgage, after the due date but before the expiration of the three year period above mentioned, demanded payment. Due notice was served upon the defendant requiring him to comply with his contractual obligation. He failed to comply and because of that failure the plaintiffs, at a cost of $400, succeeded in procuring a continuation of the existing mortgage. Their suit is to recover that sum as damages for defendant's default. The verdict of $250 represents the disbursement of $400 less $150 which, under the contract, would have become due the defendant had he performed the required service.

Defendant's first point on the appeal is that the court below erred in refusing to direct a verdict for the defendant. Thereunder he argues that because Lucy B. Keyes did not file a set-off or counter-claim in another District Court action that was brought against her by the defendant and that was tried October 25th, 1929, she is barred by sections 60 and 61 of the District Court act (section 60 as amended by chapter 271, *Pamph. L.* 1927, *p.* 499, and section 61 as amended by chapter 132, *Pamph. L.* 1922, *p.* 231) from prosecuting the present action. It is not clear that the defendant's breach was complete or that the damage therefrom had been suffered at the time of the first action. That action, moreover, was by the defendant against Lucy B.

Keyes alone. The present action, and the right upon which it proceeds, is by and in Lucy B. Keyes and James E. Keyes. Joint and separate debts cannot be set off against each other. *Reveruzzi* v. *Caruso*, 86 *N. J. L.* 556. It is further contended that the $400 charge was unreasonable; but the disbursement was actually made and we do not consider that the refusal to direct a verdict was erroneous on this point. The final contention under this heading is that no breach of contractual obligation was shown. The duty of the defendant arose, under the wording of the contract, "in the event that the first mortgage aforementioned is called in and the full amount of the principal demanded." Webster's New International Dictionary defines the word "call" in this use, to be "to demand payment of, especially by formal notice; as, to call a bond." We think that the demand for payment was sufficiently in the proof to make the question one of fact and not of law. We find no error in the refusal to direct a verdict.

It is unnecessary to review the remaining points further than they are met by the foregoing observations.

Judgment below is affirmed, with costs.